United States District Court
For the Northern District of California

\*\* **E-filed February 6, 2012** \*\*

**NOT FOR CITATION**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| SILICON VALLEY HOMES, LLC;<br><br>    Plaintiff,<br>  v.<br>DEANNA LIEU; et al.,<br>    Defendants. | No. C12-00533 HRL<br><br>**ORDER THAT CASE BE REASSIGNED TO A DISTRICT COURT JUDGE**<br><br>**REPORT AND RECOMMENDATION**<br><br>**[Re: Docket No. 1]** |

## INTRODUCTION

On February 2, 2012, defendants Deanna Lieu and Ting Louangxay, proceeding pro se, removed this case from Santa Clara County Superior Court. Docket No. 1 ("Notice of Removal"). For the reasons stated below, the undersigned recommends that this action be summarily remanded to state court.

## DISCUSSION

Plaintiff Silicon Valley Homes, LLC ("SVH") filed this unlawful detainer action against Deanna Lieu, Ting Louangxay, and five Doe Defendants on January 27, 2012 in Santa Clara County Superior Court. Notice of Removal, Ex. A ("Complaint"). According to the complaint, SVH acquired the subject property through a foreclosure trustee's sale on January 17, 2012, in accordance with California Civil Code section 2924. Id. at ¶ 4. On January 17, SVH served the defendants with

a three-day Notice to Quit. Id. at ¶ 6. Defendants did not respond to the Notice, nor did they vacate the property. Id. at ¶ 7.

Removal to federal court is proper where the federal court would have original subject matter jurisdiction over the complaint. 28 U.S.C. § 1441. Removal jurisdiction can be based on diversity of citizenship or on the existence of a federal question. Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). If, after a court's prompt review of a notice of removal, "it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1446(c)(4) (emphasis added). These removal statutes are strictly construed against removal and place the burden on the defendant to demonstrate that removal was proper. Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009) (citing Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992)).

Here, the defendants assert that removal is proper based on federal question and diversity jurisdiction. See Notice of Removal ¶¶ 14-15. Federal courts have original jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A claim "arises under" federal law if, based on the "well-pleaded complaint rule," the plaintiff alleges a federal cause of action. Vaden v. Discovery Bank, 129 S. Ct. 1262, 1272 (2009). Alternatively, the complaint may establish that the plaintiff's right to relief "necessarily depends on resolution of a substantial question of federal law." Williston Basin Interstate Pipeline Co. v. An Exclusive Gas Storage Leasehold & Easement, 524 F.3d 1090, 1100 (9th Cir. 2008) (quoting Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 27–28 (1983). Defenses and counterclaims asserting a federal question do not satisfy this requirement. Discovery Bank, 129 S. Ct. at 1272.

Defendants assert that a variety of federal laws are implicated in this action. Notice of Removal ¶¶ 8, 14-15. These appear to be defenses that the defendants have raised or would raise against the claim for unlawful detainer. However, SVH's complaint alleges only a state law claim for unlawful detainer; it does not allege any federal claims whatsoever. See Complaint. Moreover, resolving SVH's unlawful detainer claim does not depend on resolution of any substantial issues of federal law. As stated above, defenses and counterclaims that raise questions of federal law will not

2

suffice. See Discovery Bank, 129 S. Ct. at 1272. Accordingly, the defendants have failed to show that this action arises under federal law.

Neither is there diversity jurisdiction over this action. Federal subject-matter jurisdiction based on diversity requires complete diversity of citizenship and an amount in controversy in excess of $75,000. 28 U.S.C. § 1332(a). In this matter, the plaintiff's complaint expressly states that the amount in controversy is less than $10,000. Complaint p.1. The defendants appear to be California citizens, and they state that SVH is incorporated in California.[1] See Notice of Removal ¶ 15(a); Complaint ¶ 1. Neither the requirement of complete diversity nor the minimum amount in controversy are satisfied.  Therefore, there is no basis for this court to exercise jurisdiction based either upon a federal question or diversity.

## CONCLUSION

Because the parties have yet to consent to the undersigned's jurisdiction, this court ORDERS the Clerk of the Court to reassign this case to a District Court judge. The undersigned further RECOMMENDS that the newly assigned judge summarily remand the case to Santa Clara County Superior Court. Pursuant to Federal Rule of Civil Procedure 72(b), any party may serve and file objections to this Report and Recommendation within fourteen days after being served.

**IT IS SO ORDERED.**

Dated: February 6, 2012

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

---

[1] Additionally, the "forum defendant rule" ordinarily imposes a limitation on actions removed pursuant to diversity jurisdiction: "such action[s] shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b); see Spencer v. U.S. Dist. Ct. for the Northern Dist. of Cal., 393 F.3d 867, 870 (9th Cir. 2004). However, the Ninth Circuit has held this rule to be procedural and a waivable defect in the removal process, and a court acting sua sponte may not base its decision to remand solely upon such a defect. Lively v. Wild Oats Markets, Inc., 456 F.3d 933, 935-36 (9th Cir. 2006).

**C12-00519 HRL Notice will be electronically mailed to:**

Todd Bennett Rothbard

**Notice will be mailed to:**

Deanna Lieu
460 Dempsey Road, Unit 261
Milpitas, CA 95035

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**